UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GUCCIONE COLLECTION LLC, | 13 Civ. 6949 (PGG) |
| Plaintiff, | |
| -against- | **ANSWER AND COUNTERCLAIMS** |
| MICHAEL LINDA, as personal representative of the Estate of Robert Guccione, Sr., | |
| Defendant. | |
| MICHAEL LINDA, as executor of the Estate of Robert Guccione, Sr., | |
| Third-Party Plaintiff, | **THIRD-PARTY COMPLAINT** |
| -against- | |
| VICE MEDIA INC., | |
| Third-Party Defendant. | |

Michael Linda (hereafter the "Estate"), as executor of the Estate of Robert Guccione, Sr., by his attorneys, Pryor Cashman LLP, submits this Answer and Counterclaims to the complaint (the "Complaint") of Guccione Collection LLC ("GC"), and submits this third-party complaint (the "Third-Party Complaint") against third-party defendant VICE Media Inc. ("VICE").

As and for the Estate's Answer to the Complaint, it alleges and avers as follows:

1.       The allegations contained in Paragraph 1 of the Complaint are legal conclusions and require no response from the Estate.

2.       Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of the Complaint.

3.      Denies the allegations contained in paragraph 3 of the Complaint.

4.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of the Complaint.

5.      Denies the allegations contained in paragraph 5 of the Complaint, except admits that Michael Linda, executor of the Estate, is a citizen of the state of New Jersey.

6.      The allegations contained in Paragraph 6 of the Complaint are legal conclusions and require no response from the Estate.

7.      The allegations contained in Paragraph 7 of the Complaint are legal conclusions and require no response from Defendant.

8.      The allegations contained in Paragraph 8 of the Complaint are legal conclusions and require no response from the Estate.  The Estate denies that it has committed any tort.

9.      The allegations contained in Paragraph 9 of the Complaint are legal conclusions and require no response from the Estate.

10.      Admits the allegations contained in paragraph 10.

11.      Denies the allegations contained in paragraph 11 of the Complaint, except admits that Robert Guccione, Sr. ("Bob Guccione") declared personal bankruptcy in 2008.

12.      Denies the allegations contained in paragraph 12 of the Complaint, except admits that Bob Guccione entered into a contract with Dwarfco Productions on February 2, 1999, and respectfully refers the Court to such document for a full and accurate description of its contents.

13.      Denies the allegations contained in paragraph 13 of the Complaint, except admits that Bob Guccione entered into a contract with Dwarfco Productions on February 2, 1999, and respectfully refers the Court to such document for a full and accurate description of its contents.

14.      Admits the allegations contained in paragraph 14 of the Complaint.

15.     Admits the allegations contained in paragraph 15 of the Complaint.

16.     Admits the allegations contained in paragraph 16 of the Complaint.

17.     Admits the allegations contained in paragraph 17 of the Complaint.

18.     Admits the allegations contained in paragraph 18 of the Complaint.

19.     Denies the allegations contained in paragraph 19 of the Complaint, except admits that a settlement was entered into between Bob Guccione and various parties on November 1, 2009 (the "Dwarfco Settlement"), a copy of which is annexed to the Complaint at Exhibit B, and respectfully refers the Court to such document for a full and accurate description of its contents.

20.     Denies the allegations contained in paragraph 20 of the Complaint, and respectfully refers to the Dwarfco Settlement for a full and accurate description of its contents.

21.     Denies the allegations contained in paragraph 21 of the Complaint.

22.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 22 of the Complaint.

23.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 23 of the Complaint.

24.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 24 of the Complaint.

25.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 25 of the Complaint.

26.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 26 of the Complaint.

27.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 27 of the Complaint.

28.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 28 of the Complaint.

29.     Admits the allegations contained in paragraph 29 of the Complaint.

30.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 30 of the Complaint.

31.     Denies the allegations contained in paragraph 31 of the Complaint.

32.     Denies the allegations contained in paragraph 32 of the Complaint, except admits that the Estate sent a letter, a copy of which is annexed to the Complaint as Exhibit C, to GC on or about September 11, 2013 (the "GC Letter").

33.     Denies the allegations contained in paragraph 33 of the Complaint, except admits that the Estate sent the GC Letter and respectfully refers the Court to such document for a full and accurate description of its contents.

34.     Denies the allegations contained in paragraph 34 of the Complaint, except admits that the Estate sent the GC Letter and respectfully refers the Court to such document for a full and accurate description of its contents.

35.     Denies the allegations contained in paragraph 35 of the Complaint, except admits that the Estate sent a letter, a copy of which is annexed to the Complaint as Exhibit D, to VICE Media Inc. on or about September 25, 2013 (the "VICE Letter").

36.     Denies the allegations contained in paragraph 36 of the Complaint, except admits that the Estate sent the VICE Letter and respectfully refers the Court to such document for a full and accurate description of its contents.

37.     Denies the allegations contained in paragraph 37 of the Complaint, except admits that the Estate sent the VICE Letter and respectfully refers the Court to such document for a full

and accurate description of its contents.

38.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 38 of the Complaint.

39.     Denies the allegations contained in paragraph 39 of the Complaint, except admits that the Estate sent a letter, a copy of which is annexed to the Complaint as Exhibit E, to PowerHouse Books on or about September 25, 2013 (the "PowerHouse Letter").

40.     Repeats and realleges its responses to paragraphs 1 through 39 of the Complaint, as and for its response to the allegations in paragraph 40 of the Complaint.

41.     Denies the allegations contained in paragraph 41 of the Complaint.

42.     Admits the allegations contained in paragraph 42 of the Complaint.

43.     The allegations contained in Paragraph 43 of the Complaint are legal conclusions and require no response from the Estate.

44.     Denies the allegations contained in paragraph 44 of the Complaint.

45.     Repeats and realleges its responses to paragraphs 1 through 44 of the Complaint, as and for its response to the allegations in paragraph 45 of the Complaint.

46.     Admits the allegations contained in paragraph 46 of the Complaint.

47.     Denies the allegations contained in paragraph 47 of the Complaint.

48.     The allegations contained in Paragraph 48 of the Complaint are legal conclusions and require no response from the Estate.

49.     Denies the allegations contained in paragraph 49 of the Complaint.

50.     Repeats and realleges its responses to paragraphs 1 through 49 of the Complaint, as and for its response to the allegations in paragraph 50 of the Complaint.

51.     Admits the allegations contained in paragraph 51 of the Complaint.

52.     Denies the allegations contained in paragraph 52 of the Complaint.

53.     The allegations contained in Paragraph 53 of the Complaint are legal conclusions and require no response from the Estate.

54.     Denies the allegations contained in paragraph 54 of the Complaint.

55.     Repeats and realleges its responses to paragraphs 1 through 54 of the Complaint, as and for its response to the allegations in paragraph 55 of the Complaint.

56.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 56 of the Complaint.

57.     Denies the allegations contained in paragraph 57 of the Complaint.

58.     Denies the allegations contained in paragraph 58 of the Complaint.

59.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 59 of the Complaint.

60.     Denies the allegations contained in paragraph 60 of the Complaint.

61.     Repeats and realleges its responses to paragraphs 1 through 60 of the Complaint, as and for its response to the allegations in paragraph 61 of the Complaint.

62.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 62 of the Complaint.

63.     Denies the allegations contained in paragraph 63 of the Complaint.

64.     Denies the allegations contained in paragraph 64 of the Complaint.

65.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 65 of the Complaint.

66.     Denies the allegations contained in paragraph 66 of the Complaint.

67.     Repeats and realleges its responses to paragraphs 1 through 66 of the Complaint,

as and for its response to the allegations in paragraph 67 of the Complaint.

68.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 68 of the Complaint.

69.     Denies the allegations contained in paragraph 69 of the Complaint.

70.     Denies the allegations contained in paragraph 70 of the Complaint.

71.     Denies the allegations contained in paragraph 71 of the Complaint.

72.     Repeats and realleges its responses to paragraphs 1 through 71 of the Complaint, as and for its response to the allegations in paragraph 72 of the Complaint.

73.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 73 of the Complaint.

74.     Denies the allegations contained in paragraph 74 of the Complaint.

75.     Denies the allegations contained in paragraph 75 of the Complaint.

76.     Denies the allegations contained in paragraph 76 of the Complaint.

77.     Denies any other allegations in the Complaint not specifically denied herein.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

78.     Plaintiff has failed to state a claim upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

79.     Plaintiff's purported claims are barred in whole or in part by the doctrine of estoppel and/or waiver.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

80.     Plaintiff's purported claims are barred by its unclean hands.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

81.     Plaintiff's purported claims are barred in whole or in part by the doctrine of laches

and inexcusable delay.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

82.     Documentary evidence provides a complete defense to the Complaint.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

83.     The Estate is justified and/or privileged in any alleged interference with contract as an exercise of the Estate's own rights and economic interest.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

84.     The Estate reserves the right to seek leave to amend this answer to assert additional affirmative defenses as they may become known during the course of discovery.

**WHEREFORE**, the Estate requests judgment as follows: (a) dismissing the Complaint in its entirety and (b) granting such other and further relief as this Court deems just and proper.

## COUNTERCLAIMS AGAINST GC

1.      The Estate repeats and realleges each of the allegations, averments, responses, denials and affirmative defenses in Paragraphs 1 through 84 of the Answer above as if fully set forth herein as affirmative averment and allegations in support of the Counterclaims against GC.

## NATURE OF THE ACTION

2.      The Estate brings these claims against GC to recover damages caused as a result of GC's: (i) willful infringement of the rights of publicity of Robert Guccione, owned by the Estate; (ii) trademark infringement, false advertising, false association/affiliation and unfair competition; (iii) willful infringement of copyrights owned by the Estate; and (iv) deceptive acts and practices.

## JURISDICTION AND VENUE

3.      Jurisdiction of the Estate's copyright claims are proper as being questions of Federal Law arising under 17 U.S.C. § 505.  Jurisdiction of the Lanham Act claims for trademark infringement, false advertising, false association/affiliation and unfair competition are likewise proper as being questions of Federal Law arising under 15 U.S.C. § 1051 et seq.  Jurisdiction of these claims is proper pursuant to 15 U.S.C.§ 1121(a) and 28 U.S.C §§ 1331 and 1338.  This Court has jurisdiction over the related claims for common law unfair competition pursuant to 28 U.S.C. § 1338(b).  This Court has supplemental jurisdiction over the related claims for right of publicity, deceptive acts and practices, misappropriation and unjust enrichment pursuant to 28 U.S.C. § 1367.

4.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and §1400(a) because GC may be found in this District and a substantial part of the events and/or omissions giving rise to the claims herein occurred in this District.

## RELEVANT FACTS

**Guccione History and Works**

5.      Bob Guccione was an artist and painter who was most well known as the founder

and publisher of Penthouse Magazine.  He passed away on October 20, 2010.  At the time of his

death, he resided between two states, New Jersey and Texas, and his direct descendants include

children residing in California and Pennsylvania.

6.      While Bob Guccione had gone through a personal bankruptcy before his death,

he retained numerous assets, including the intellectual property rights in virtually all of his works

of authorship – including photographs, paintings, writings, cartoons, designs and illustrations.

He further retained all of his rights of publicity.  Most of this property now belongs to the Estate.

7.      The Estate also owns the federal trademark registration for the word mark

"Guccione" in the stylized form of Guccione's signature (Reg. No. 86071003) (Cls. 9, 16, 25,

41) (the "Guccione Mark").

**GC's False Association With Guccione and The Estate**

8.      GC has made a concerted effort to falsely associate its business with the

Guccione Mark, and with the name, likeness and signature of Bob Guccione.  In addition to the

false association in the very corporate name "Guccione Collection," the logo on GC's website at

<guccionecollection.com> (the "GC Website") is a copy of Bob Guccione's actual signature, and

the GC Website includes pages for, *inter alia*, "The Guccione Store," "Guccione Photography,"

"Guccione Videos" and "Guccione Articles."

9.      On the web page describing the operators of the GC Website, the words  "About

Us" are superimposed over a picture of Bob Guccione. The GC Website make no mention of the

fact that GC had and has absolutely no relationship with the Estate or with Bob Guccione.

10.     The profile picture for the GC web page on Facebook is a picture of Bob Guccione.  The icon for GC on the Instagram and Twitter websites is Bob Guccione's signature.  The wallpaper for the GC Twitter home page is a picture of Bob Guccione.   The Twitter description of GC includes the line "Penthouse & Omni Creator · guccionecollection.com."

11.     GC is marketing a line of lingerie entitled "Guccione Girls" through the GC Website.  The main web page for this clothing line also features a picture of Bob Guccione.

12.     Upon information and belief, GC is offering for sale a collectable figurine of Bob Guccione.

13.     GC has no relationship with the Estate or Guccione family, and the unauthorized use of the Guccione Mark and the name, likeness and signature of Bob Guccione is damaging to the Estate because it is likely to cause confusion, mistake or deception in that consumers are likely to believe that GC's commercial conduct is connected with, sponsored by and/or associated with Guccione and/or the Estate.

**GC's Infringement of Copyrights Owned By The Estate**

14.     GC claims to have purchased numerous physical items that belonged to Bob Guccione from a storage locker, including copies embodying works of authorship by him (the "Guccione Works").  GC has never obtained ownership of underlying intellectual property in the Guccione Works, and therefore any licensing, reproduction and distribution of these works is unauthorized and infringes the rights of the Estate.

15.     Nonetheless, GC has proceeded to license, reproduce and distribute copies of the Guccione Works, in derogation of the Estate's rights.  Among the Guccione Works infringed by GC are:

a. The Autobiography of Bob Guccione, which GC copied on the GC Website and licensed for distribution by, *inter alia*, VICE;

b. Numerous photographs taken by Bob Guccione, which GC copied on the GC Website and licensed for distribution by, *inter alia*, VICE; and

c. The distinctive logo of "Omni" magazine, which was personally created by Bob Guccione, and which GC has copied, *inter alia*, on an infringing website at <omnireboot.com>.

16. The Guccione Works contain original, copyrightable subject matter.

**FIRST CLAIM FOR RELIEF**
**(Trademark Infringement Under 15 U.S.C. §1114 *et seq.*)**

17. The Estate repeats and re-alleges the allegations in Paragraphs 1 through 16 above as if fully set forth herein.

18. GC is trading on the Guccione Mark and misappropriating the goodwill and reputation attached to this mark and Guccione's signature. GC's unauthorized use of the Guccione Mark constitutes infringement of a federally registered trademark and is likely to confuse and deceive customers into believing that GC and their services are associated with and/or authorized by Bob Guccione and/or the Estate.

19. The acts and conduct of GC complained of herein constitute willful and deliberate infringement of the Guccione Mark in violation of Section 32 of the Lanham Trademark Act, 15 U.S.C. § 1114.

20. By reason of all the foregoing, the Estate is being irreparably injured by GC's willful infringement of the Guccione Mark in the manner set forth above, and such injury will increase until GC's infringement is enjoined. The Estate is entitled to injunctive relief under 15 U.S.C. §1116 (a). The Estate has no adequate remedy at law.

**SECOND CLAIM FOR RELIEF**
**(Unfair Competition Under 15 U.S.C. §1125(a))**

21.     The Estate repeats and re-alleges the allegations in paragraphs 1 through 20 above as if fully set forth herein.

22.     The actions complained of herein constitute false designations of origin that are likely to cause confusion and create a false association, connection or affiliation between GC and Guccione and/or the Estate.  GC's unauthorized and infringing websites and other publications distributed under the pretense of a connection with Guccione are likely to cause confusion or to deceive as to the affiliation, connection or association of Guccione and/or the Guccione Marks with GC, and as to the origin, sponsorship and/or approval of GC's products and services.

23.     The foregoing acts of GC constitute unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a).

24.     By reason of all the foregoing, the Estate is being irreparably injured by GC's willful use of the Guccione Mark and false association with Guccione in the manner set forth above, and such injury will increase until GC is enjoined from utilizing the Estate Marks.  The Estate has no adequate remedy at law.

**THIRD CLAIM FOR RELIEF**
**(Common Law Unfair Competition)**

25.     The Estate repeats and realleges the allegations of paragraphs 1 through 24 above as if fully set forth herein.

26.     The Estate owns and enjoys common law trademark rights in Guccione's signature and the Guccione Mark.

27.     GC's unlawful acts in appropriating rights in the Guccione Mark were intended to capitalize on Guccione's goodwill for GC's own pecuniary gain.   Guccione expended

substantial time, resources and effort to obtain an excellent reputation for himself and the Guccione Mark.  As a result of these efforts, GC is now unjustly enriched and is benefiting from property rights that rightfully belong to the Estate.

28.     GC's unauthorized use of the Guccione Mark has caused and is likely to cause confusion as to the source of GC's services, all to the detriment of the Estate.

29.     GC's acts are willful, deliberate and intended to confuse the public and to injure the Estate.

30.     GC's acts constitute unfair competition under common law.

31.     The Estate has been irreparably harmed and such harm will increase as a result of GC's unlawful acts until GC is permanently enjoined from its unlawful conduct.  The Estate has no adequate remedy at law.

32.     In light of the foregoing, the Estate is entitled to injunctive relief prohibiting GC from using the Estate Marks, and to recover all damages, including attorneys' fees, that the Estate has sustained and will sustain, and all gains, profits and advantages obtained by GC as a result of its infringing acts alleged above in an amount not yet known, and the costs of this action.

## FOURTH CLAIM FOR RELIEF
### (Rights of Publicity)

33.     The Estate repeats and realleges the allegations of paragraphs 1 through 32 above as if fully set forth herein.

34.     GC has knowingly used Guccione's name, likeness and signature for the purposes of commercial trade without obtaining his consent, written or otherwise, or the consent of the Estate.

35.     GC's actions, as alleged above, constitute a violation of Guccione's rights of publicity, which are owned by the Estate.

36.     As a direct result of GC's knowing violation of these rights of publicity, Guccione and the Estate's goodwill and reputation have already been injured, and unless restrained, will continue to be injured.

**FOURTH CLAIM FOR RELIEF**
**(Copyright Infringement)**

37.     The Estate repeats and realleges the allegations of paragraphs 1 through 36 above as if fully set forth herein.

38.     GC copied, assisted and licensed for reproduction, and distributed the Guccione Works without the permission, license or consent of the Estate.

39.     GC's actions constitute infringement of the Guccione Works in violation of the Copyright Act, 17 U.S.C. §§ 101, *et seq.*

40.     GC has realized gains and profits as a direct result of its infringement of the Guccione Works.

41.     Upon information and belief, GC had knowledge that the Guccione Works were subject to copyright, and willfully infringed upon them and profited thereby.

42.     The Estate has suffered and continues to suffer irreparable harm and injury as a result of the aforesaid acts of GC, and is without adequate remedy at law.

43.     The exact amount of damages suffered by the Estate is not presently ascertainable, and the profits which GC has realized are not presently known to the Estate.  Thus, in accordance with 17 U.S.C. § 504, the Estate will advise the Court during these proceedings whether it elects to recover actual damages and profits or the statutory damages provided by the Copyright Act.

44.     The Estate demands an accounting by GC of its activities in connection with its infringement of the Guccione Works and its gross income and profits derived therefrom.

## FIFTH CLAIM FOR RELIEF
### (Deceptive Business Practices)

45.     The Estate repeats and realleges the allegations of paragraphs 1 through 44 above as if fully set forth herein.

46.     As described in the foregoing paragraphs, GC is engaging in consumer-oriented conduct that is deceptive or misleading in a material way, constituting unfair and deceptive business practices.

47.     GC's false, misleading and deceptive statements and representations of fact were and are directed to consumers.

48.     GC's false, misleading and deceptive statements and representations of fact were and are likely to mislead a reasonable consumer acting reasonably under the circumstances.

49.     GC's false, misleading and deceptive statements and representations of fact have resulted or are likely to result in consumer injury or harm to the public interest.

50.     As a result of GC's unfair and deceptive business practices, the Estate has suffered and will continue to suffer substantial injury, including irreparable injury and damages, unless Plaintiff is permanently enjoined.

## SIXTH CLAIM FOR RELIEF
### (False Advertising)

51.     The Estate repeats and realleges the allegations of paragraphs 1 through 50 above as if fully set forth herein.

52.     As described in the foregoing paragraphs, GC is engaging in consumer-oriented conduct that is deceptive or misleading in a material way, constituting false advertising in the conduct of business, trade or commerce. GC's false, misleading and deceptive statements and representations of fact were and are directed to consumers.

53.     GC's false, misleading and deceptive statements and representations of fact were and are likely to mislead a reasonable consumer acting reasonably under the circumstances.

54.     GC's false, misleading and deceptive statements and representations of fact have resulted or are likely to result in consumer injury or harm to the public interest.

55.     As a result of GC's unfair and deceptive business practices, the Estate has suffered and will continue to suffer substantial injury, including irreparable injury and damages, unless Plaintiff is permanently enjoined.

### SIXTH CLAIM FOR RELIEF
**(Unjust Enrichment)**

56.     The Estate repeats and realleges the allegations of paragraphs 1 through 55 above as if fully set forth herein.

57.     GC has been unjustly enriched by the aforementioned acts.

58.     GC's unjust enrichment has come at the expense of the Estate, which has no adequate remedy at law.

59.     By reason of all of the foregoing, it is against equity and good conscience for GC to retain the benefit it has obtained through the wrongful acts described herein, and the Estate is entitled to a judgment in its favor disgorging GC's profits from its wrongful acts.

WHEREFORE, the Estate respectfully requests the following relief:

A.     That GC be permanently restrained and enjoined from:

i.     using, affixing, offering for sale, selling, advertising or promoting goods or services with any of the Guccione Mark, or any trade name or trademark confusingly similar to any of the Guccione Mark.

ii.     use of any false descriptions or representations or any false designations of origin or from otherwise committing any acts of unfair competition

with respect to the Guccione Mark by using any of the Guccione Mark or any confusingly similar trade name or trademark without the authorization of The Estate.

iii.     copying, licensing, distributing or otherwise reproducing, assisting in the reproduction, or inducing the reproduction of any Guccione Works.

iv.     Using the name, likeness, signature or portrayal of Bob Guccione in connection with GC's products or services, or otherwise implying a sponsorship or business relationship between Bob Guccione and/or the Estate and GC.

B.     That all goods, products, signs, labels, brochures, advertising and promotional material bearing the Guccione Mark in GC's possession or subject to GC's control or direction be delivered to the Estate's counsel for maintenance during the pendency of this action and for destruction upon entry of a Final Judgment.

E.     That GC be ordered to remove all copies and infringements of the Guccione Mark from all GC marketing, advertising and promotional materials, including but not limited to the GC Website and all social media accounts used by GC.

F.     That GC be ordered to report to the Court, in writing under oath with a copy to the Estate's attorneys within 30 days of service of notice of any Orders issued hereunder, setting forth in detail the manner and form in which GC have complied with any such Order.

G.     That the Court award an accounting to the Estate for the profits of GC and for the damages sustained as a result of the willful, intentional and wrongful conduct of GC.

H.     That because of the willful nature of GC's acts, the Court enter a judgment for treble the amount of actual damages caused by GC's conduct.

I.      That GC be required to pay the Estate its costs in this action, including reasonable attorneys' fees.

J.      That the Estate be granted such other and further relief as the Court deems just and proper.

## THIRD-PARTY COMPLAINT AGAINST VICE MEDIA, INC.

1.      The Estate repeats and realleges each of the allegations, averments, responses, denials and affirmative defenses in Paragraphs 1 through 77 of the Answer, and Paragraphs 1 through 59 of the Counterclaims, as if fully set forth herein as affirmative averment and allegations in support of the Estate's Third-Party Complaint against VICE.

## NATURE OF THE ACTION

2.      The Estate brings these claims against VICE to recover damages for trademark and copyright infringement and violation of rights of publicity as a result of VICE's false association with the Guccione name, signature and mark, and the reproduction and distribution of the Guccione Works, in connection with the print edition of its "Guccione Archives Issue" and the associated website content.

## JURISDICTION AND VENUE

3.      Jurisdiction of the Estate's copyright claims are proper as questions of Federal Law arising under 17 U.S.C. § 505. Jurisdiction of the Lanham Act claims for trademark infringement, false advertising, false association and unfair competition are proper as questions of Federal Law arising under 15 U.S.C. § 1051 et seq.  Jurisdiction of these claims is proper pursuant to 15 U.S.C.§ 1121(a) and 28 U.S.C §§ 1331 and 1338.  This Court has supplemental jurisdiction over the related claim for right of publicity pursuant to 28 U.S.C. § 1367.

4.      Upon information and belief, VICE is a Delaware corporation with a principal place of business at 99 North 10th Street, Brooklyn, NY 11211.

5.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and §1400(a) because VICE may be found in this District and a substantial part of the events and/or omissions giving rise to the claims herein occurred in this District.

**RELEVANT FACTS**

6.      On or about September 2013, VICE published and distributed print and online issues (the "Guccione Issue") containing unauthorized copies of numerous of the Guccione Works.  The first feature of the issue was a portion of "The Autobiography of Bob Guccione," the copyright for which is owned by the Estate, and which was not licensed to VICE.  The issue further contained many photographs and other content authored by Bob Guccione for which the Estate owns the copyright and VICE has no license.

7.      The Guccione Issue also sought to make a false connection between Guccione and VICE.  VICE falsely suggested a sponsorship of its magazine by Bob Guccione and/or the Estate by, *inter alia*, having the text on the cover (which read "The Guccione Archives Issue") forged as Guccione's handwriting - including the stylized Guccione Mark.  Another promotional cover included the VICE logo and the stylized signature of the Guccione Mark.  Moreover, numerous VICE website articles falsely list "Bob Guccione" or "Bob Guccione's Archives" as the author.

8.      The Guccione Issue also created a false connection between a number of VICE photographs that were not taken by Guccione, but were presented as if they had been.  VICE featured a story highlighting that Bob Guccione went by the name Bob Gucci early in his career, and that he marketed photographs under the mark "Gucci Girls."  VICE then published a feature entitled "Gucci Girls" that began: "Thank you for your interest. I am submitting for your pleasure the newest ladies from the Gucci Girls collection," placing Bob Guccione's stylized signature "Guccione" – underneath this text.  However, the photographs that followed were not those of Guccione, but were recent photographs apparently taken for the Guccione Issue.

9.      Representatives of the Estate gave VICE direct notice, two months before the infringing publication was released, that VICE did not have the right to associate its publication

with Bob Guccione, and VICE released the aforementioned publication regardless.

## FIRST CLAIM FOR RELIEF
### (Trademark Infringement Under 15 U.S.C. §1114 *et seq.*)

10.     The Estate repeats and re-alleges the allegations in Paragraphs 1 through 9 above as if fully set forth herein.

11.     VICE is trading on the Guccione Mark and misappropriating the goodwill and reputation attached to this mark and Guccione's signature.  VICE's unauthorized use of the Guccione Mark constitutes infringement of a federally registered trademark and is likely to confuse and deceive customers into believing that VICE and its services are associated with and/or authorized by Bob Guccione and/or the Estate.

12.     The acts and conduct of VICE complained of herein constitute willful and deliberate infringement of the Guccione Mark in violation of Section 32 of the Lanham Trademark Act, 15 U.S.C. § 1114.

13.     By reason of all the foregoing, the Estate is being irreparably injured by GC's willful infringement of the Guccione Mark in the manner set forth above, and such injury will increase until VICE's infringement is enjoined.  The Estate is entitled to injunctive relief under 15 U.S.C. §1116 (a).  The Estate has no adequate remedy at law.

## SECOND CLAIM FOR RELIEF
### (Unfair Competition Under 15 U.S.C. §1125(a))

14.     The Estate repeats and re-alleges the allegations in paragraphs 1 through 13 above as if fully set forth herein.

15.     The actions complained of herein constitute false designations of origin that are likely to cause confusion and create a false association, connection or affiliation between VICE and Guccione and/or the Estate.  VICE's unauthorized and infringing websites and other

22

publications distributed under the pretense of a connection with Guccione are likely to cause confusion or to deceive as to the affiliation, connection or association of Guccione and/or the Guccione Marks with VICE, and as to the origin, sponsorship and/or approval of VICE's products and services.

16.     The foregoing acts of VICE constitute unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a).

17.     By reason of all the foregoing, the Estate is being irreparably injured by VICE's willful use of the Guccione Mark and false association with Guccione in the manner set forth above, and such injury will increase until VICE is enjoined from utilizing the Estate Marks.  The Estate has no adequate remedy at law.

<u>**THIRD CLAIM FOR RELIEF**</u>
**(Common Law Unfair Competition)**

18.     The Estate repeats and realleges the allegations of paragraphs 1 through 17 above as if fully set forth herein.

19.     The Estate owns and enjoys common law trademark rights in Guccione's signature and the Guccione Mark.

20.     VICE's unlawful acts in appropriating rights in the Guccione Mark were intended to capitalize on Guccione's goodwill for VICE's own pecuniary gain.  Guccione expended substantial time, resources and effort to obtain an excellent reputation for himself and the Guccione Mark.  As a result of these efforts, VICE is now unjustly enriched and are benefiting from property rights that rightfully belong to the Estate.

21.     VICE's unauthorized use of the Guccione Mark has caused and is likely to cause confusion as to the source of VICE's services, all to the detriment of the Estate.

22.     VICE's acts are willful, deliberate and intended to confuse the public and to injure

the Estate.

23.     VICE's acts constitute unfair competition under common law.

24.     The Estate has been irreparably harmed and such harm will increase as a result of VICE's unlawful acts until VICE is permanently enjoined from its unlawful conduct.  The Estate has no adequate remedy at law.

25.     In light of the foregoing, the Estate is entitled to injunctive relief prohibiting VICE from using the Estate Marks, and to recover all damages, including attorneys' fees, that the Estate has sustained and will sustain, and all gains, profits and advantages obtained by VICE as a result of its infringing acts, in an amount not yet known, and the costs of this action.

**FOURTH CLAIM FOR RELIEF**
**(Rights of Publicity)**

26.     The Estate repeats and realleges the allegations of paragraphs 1 through 25 above as if fully set forth herein.

27.     VICE has knowingly used Guccione's name, likeness and signature for the purposes of commercial trade without obtaining his consent, written or otherwise.

28.     VICE's actions, as alleged above, constitute a violation of Guccione's rights of publicity, which is owned by the Estate.

29.     As a direct result of VICE's knowing violation of these rights of publicity, Guccione and the Estate's goodwill and reputation have already been injured, and unless restrained, will continue to be injured.

**FOURTH CLAIM FOR RELIEF**
**(Copyright Infringement)**

30.     The Estate repeats and realleges the allegations of paragraphs 1 through 29 above as if fully set forth herein.

31.     VICE copied, assisted and licensed for reproduction, and distributed the Guccione Works without the permission, license or consent of the Estate.

32.     VICE's actions constitute infringement of the Guccione Works in violation of the Copyright Act, 17 U.S.C. §§ 101, *et seq.*

33.     VICE has realized gains and profits as a direct result of its infringement of the Guccione Works.

34.     Upon information and belief, VICE had knowledge that the Guccione Works were subject to copyright, and  willfully infringed upon them and profited thereby.

35.     The Estate has suffered and continues to suffer irreparable harm and injury as a result of the aforesaid acts of VICE, and is without adequate remedy at law.

36.     The exact amount of damages suffered by the Estate is not presently ascertainable, and the profits which VICE has realized are not presently known to the Estate. Thus, in accordance with 17 U.S.C. § 504, the Estate will advise the Court during these proceedings whether it elects to recover actual damages and profits or the statutory damages provided by the Copyright Act.

37.     The Estate demands an accounting by VICE of its activities in connection with its infringement of the Guccione Works and its gross income and profits derived therefrom.

## FIFTH CLAIM FOR RELIEF
### (Unjust Enrichment)

38.     The Estate repeats and realleges the allegations of paragraphs 1 through 37 above as if fully set forth herein.

39.     VICE has been unjustly enriched by the aforementioned acts.

40.     VICE's unjust enrichment has come at the expense of the Estate, which has no adequate remedy at law.

41.     By reason of all of the foregoing, it is against equity and good conscience for VICE to retain the benefit it has obtained through the wrongful acts described herein, and the Estate is entitled to a judgment in its favor disgorging VICE's profits from its wrongful acts.

WHEREFORE, the Estate respectfully requests the following relief:

A.      That VICE be permanently restrained and enjoined from:

   i.      using, affixing, offering for sale, selling, advertising or promoting goods or services with any of the Guccione Mark, or any trade name or trademark confusingly similar to any of the Guccione Mark.

   ii.     use of any false descriptions or representations or any false designations of origin or from otherwise committing any acts of unfair competition with respect to the Guccione Mark by using any of the Guccione Mark or any confusingly similar trade name or trademark without the authorization of the Estate.

   iii.    copying, licensing, distributing or otherwise reproducing, assisting in the reproduction, or inducing the reproduction of any Guccione Works.

   iv.     Using the name, likeness, signature or portrayal of Bob Guccione in connection with VICE's products or services, or otherwise implying a sponsorship or business relationship between Bob Guccione and/or the Estate and VICE.

B.      That all goods, products, signs, labels, brochures, advertising and promotional material bearing the Guccione Mark in VICE's possession or subject to VICE's control or direction be delivered to the Estate's counsel for maintenance during the pendency of this action and for destruction upon entry of a Final Judgment.

C.      That VICE be ordered to remove all copies and infringements of the Guccione

Mark from all of VICE marketing, advertising and promotional materials including but not

limited to the VICE Website and all social media accounts used by VICE.

D.      That VICE be ordered to report to the Court, in writing under oath with a copy to

the Estate's attorneys within 30 days of service of notice of any Orders issued hereunder, setting

forth in detail the manner and form in which VICE have complied with any such Order.

E.      That the Court award an accounting to the Estate for the profits of VICE and for

the damages sustained by the Estate as a result of the willful, intentional and wrongful conduct of

VICE.

F.      That because of the willful nature of VICE's acts, the Court enter a judgment for

treble the amount of actual damages caused by VICE's conduct.

G.      That VICE be required to pay the Estate its costs in this action, including

reasonable attorneys' fees.

H.      That the Estate be granted such other and further relief as the Court deems just

and proper.

Dated: New York, New York
        November 5, 2013

                                PRYOR CASHMAN LLP


                                By: */s/ Jamie M. Brickell*
                                        Jamie M. Brickell
                                        Benjamin K. Semel
                                7 Times Square
                                New York, New York  10036
                                (212) 421-4100

                                *Attorneys for Michael Linda, as Executor of the*
                                *Estate of Robert Guccione, Sr.*